UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21130

JOSE TELLERIA,

    Plaintiff,

vs.

AZTLAN FOODS, CORP.,
OKAN EBI CITRUS & PRODUCE CORP.,
AND MARIO L. ESPINOSA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jose Telleria, sues Defendants, Aztlan Foods, Corp., Okan Ebi Citrus & Produce Corp., and Mario L. Espinosa, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jose Telleria**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     **Defendant, Aztlan Foods Corp.**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.     **Defendant, Okay EBI Citrus & Produce Corp,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

4.     **Defendant, Mario L. Espinosa,** was at all times material an owner/officer/director/manager of the corporate Defendants for the time period relevant to this

1

lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns

5. Defendants cooperated/coordinated to manage Plaintiff and his work, to pay Plaintiff for his work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, providing the tools, materials, and supplies for their workers, and providing work assignments for their workers

6. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq*., and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Jose Telleria, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

10. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12. Defendants were at all times material engaged in interstate commerce in the course of their manufacture and distribution of food products throughout the United States.

13. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

14. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

16. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff consents to participate in this lawsuit.

19. During this time, Plaintiff regularly and routinely packed and wrapped pallets of food products that arrived from outside of the State of Florida.

20. Plaintiff worked for Defendants, Aztlan Foods, Corp. and Okan Ebi Citrus and Produce Corp., from about July 2017 through March 15, 2022.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

22. Defendants paid Plaintiff a rate of $12/hour for each hour worked.

23. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

25. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment in her favor and against Defendants, Aztlan Foods, Corp., Okan Ebi Citrus and Produce Corp., and Mario L. Espinosa, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **COUNT II – RETALATORY DISCHARGE IN VIOLATION OF THE FLSA**

Plaintiff, Jose Telleria, reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

28. Plaintiff had an exemplary employment history with Defendants.

29. Plaintiff then objected and/or complained to Defendants about their failure to pay overtime wages calculated at one and one-half times his regular rate of pay for all the hours that he was working beyond 40 hours in a workweek.

30. Plaintiff complained to Defendants that they were violating his rights by failing to pay him the overtime wages that he earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

31. Plaintiff not only complained to Defendants' employees, but also to Defendant, Mario L. Espinosa.

32. Within a short time thereafter, Defendants retaliated against Plaintiff by terminating his employment as a result of and in direct response to his objection(s)/complaint(s) about not being paid overtime wages for all of the overtime hours worked.

33. Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

34. Defendants violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because he objected/complained about not receiving overtime pay for all the overtime hours that worked.

35. Plaintiff suffered the loss of his job, income, identity, and suffered emotional losses as a direct and proximate result of Defendants' retaliatory conduct.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment in her favor and against Defendants, Aztlan Foods, Corp., Okan Ebi Citrus and Produce Corp., and Mario L. Espinosa, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

    c. That Plaintiff recover for the mental anguish and distress caused by

6

                Defendant's retaliatory conduct;

      d.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

      e.      That Plaintiff recover all interest allowed by law; and

      f.      Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT

Plaintiff, Jose Telleria, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

36. Plaintiff had an exemplary employment history with Defendants

37. Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendants, and so Plaintiff was an employee of Defendants, at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

38. Each Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so each Defendants was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

39. Plaintiff complained to Defendants about his reasonable and good faith belief that they was actually violating his FLSA rights by failing to pay the overtime wages he earned by working more than 40 hours in one or more workweeks.

40. Within a short time thereafter, Defendants retaliated against Plaintiff by terminating his employment as a result of her objection(s)/complaint(s) about not being paid the proper amount of overtime wages for all of the overtime hours worked.

41. Defendants actually violated the FLSA by failing to pay Plaintiff the correct amount of overtime wages for all of the overtime hours worked.

7

42. The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

43. Defendant disregarded the law and retaliated against Plaintiff shortly after he objected/complained about not receiving overtime pay for all of the overtime hours worked.

44. By initiating adverse employment actions against Plaintiff as aforesaid, Defendant violated the Florida Whistleblower Act.

45. Plaintiff was damaged and suffered a loss of his job, seniority rights, wages, and other remuneration as a direct and proximate result of Defendants' retaliatory conduct.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment against Defendants, Aztlan Foods, Corp., Okan Ebi Citrus & Produce Corp., and Mario L. Espinosa, after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jose Telleria, demands a trial by jury of all issues so triable.

Respectfully submitted this 13th day of April 2022,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
