UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-21130-BLOOM/OTAZO-REYES

JOSE TELLERIA,

      Plaintiff,

vs.

AZTLAN FOODS, CORP.,
AND EVI, INC.

      Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Jose Telleria, sues Defendants, Aztlan Foods, Corp. and EVI, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1.      **Plaintiff, Jose Telleria**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.      **Defendant, Aztlan Foods Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.      **Defendant, EVI, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

4.      Mariana Saul and Luis Echevarria are officers, directors, and/or managing members of both Defendants, Aztlan Foods Corp. and EVI, Inc., such that Defendants share common ownership and management.

5.      Defendants operate under a common scheme, plan, organization, branding, with the same principals and are otherwise intertwined or interdependent such that they create a common employer under the law and the total revenues for each would be included to determine whether they are an enterprise engaged in interstate commerce subject to the FLSA, joint employers and/or a joint enterprise pursuant to the FLSA, and "employers" as the term is defined by Fla. Stat. §448.101(3).

6.      Although identified as separate companies, Defendants operated their business by coordinating their workforce, had centralized control over their operations and workforce, share the common address of 9110 N.W. 106th Street, Medley, FL 33178, and paid Plaintiff through Aztlan Foods, Corp for hours worked at EVI, Inc.

7.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq*., and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

8.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

## <u>COUNT I - FLSA OVERTIME WAGE VIOLATION(S)</u>
### (AGAINST BOTH DEFENDANTS)

Plaintiff, Jose Telleria, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

11.    Defendants collectively operated as Plaintiff's "employer(s)" for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

12.    Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, including corn tortillas, flour tortillas, corn chips, and other foodstuffs using ingredients that arrived from outside of the State of Florida and then shipping finished products to locations outside of the State of Florida, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13.    Defendants were, at all times material, engaged in interstate commerce in the course of their manufacture and/or distribution of food products throughout the United States involving locations outstate of the State of Florida as either the origin or destination of such food products.

14.    Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

15.    Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

16.      Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

17.      Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

18.      Plaintiff was a non-exempt employee of Defendants.

19.      Plaintiff consents to participate in this lawsuit.

20.      During this time, Plaintiff regularly and routinely packed and wrapped pallets of food products that arrived from outside of the State of Florida for EVI, LLC, whole he would work in the warehouse for Aztlan Foods, Corp.

21.      Plaintiff was one of at least six (6) people who worked for both Defendants.

22.      Plaintiff worked for Defendants from about July 2017 through March 15, 2022.

23.      To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of the Defendant.

24.      Defendants paid Plaintiff a rate of $12/hour for each hour worked.

25.      Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

26.      Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

27.      Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

28.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay earned.

29.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment in his favor and against Defendants, Aztlan Foods, Corp. and EVI, Inc., jointly and severally, as follows:

a.     That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.     That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.     Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>COUNT II – RETALATORY DISCHARGE IN VIOLATION OF THE FLSA</u>
### (AGAINST BOTH DEFENDANTS)

Plaintiff, Jose Telleria, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

30.     Plaintiff had an exemplary employment history with Defendants.

31.     Plaintiff objected and/or complained to Defendants about their failure to pay him overtime wages calculated at one and one-half times his regular rate of pay for all the hours that he was working beyond 40 hours in a workweek.

32.     Plaintiff complained to Defendants that they were violating his rights by failing to pay him the overtime wages that he earned.

33.     Within a short time thereafter, Defendants retaliated against Plaintiff by terminating his employment because of and in direct response to his objection(s)/complaint(s) about not being paid overtime wages for all of the overtime hours he worked.

34.     Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

35.     Defendants violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because he objected/complained about not receiving overtime pay for all the overtime hours that worked.

36.     Plaintiff suffered the loss of his job, income, identity, and suffered emotional losses as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment in her favor and against Defendant, Aztlan Foods, Corp. and EVI, Inc., as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

a.     That Plaintiff recover compensatory/actual damages including his lost wages in the past and in the future, and all other damages he suffered;

b.     That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

c.     That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

d.     That Plaintiff recover liquidated damages in an amount equal to the compensatory damages awarded to him as provided under the law and in 29 U.S.C. § 216(b)

d.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

e.     That Plaintiff recover all interest allowed by law; and

f.     Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT AGAINST DEFENDANT, AZTLAN FOODS, CORP.

Plaintiff, Jose Telleria, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

37.     Plaintiff had an exemplary employment history with Defendant, Aztlan Foods, Corp.

38.     Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, Aztlan Foods, Corp, and so Plaintiff was an employee of Defendant, Aztlan Foods, Corp, at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

39. Defendant, Aztlan Foods, Corp, was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant, Aztlan Foods, Corp, was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

40. Plaintiff complained to Defendant, Aztlan Foods, Corp, about his reasonable and good faith belief that it was violating his FLSA rights by failing to pay the overtime wages he earned by working more than 40 hours in one or more workweeks.

41. Within a short time thereafter, Defendant, Aztlan Foods, Corp, retaliated against Plaintiff by terminating his employment because of his objection(s)/complaint(s) about not being paid overtime wages for all of the overtime hours worked.

42. Defendant, Aztlan Foods, Corp, violated the FLSA by failing to pay Plaintiff overtime wages for all of the overtime hours he worked.

43. The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

44. Defendant, Aztlan Foods, Corp, disregarded the law and retaliated against Plaintiff shortly after he objected/complained about not receiving overtime pay for all of the overtime hours worked up when it terminated his employment.

45. By initiating adverse employment actions against Plaintiff as aforesaid, Defendant, Aztlan Foods, Corp, violated the Florida Whistleblower Act.

46. Plaintiff was damaged and suffered the loss of his job, seniority rights, benefits, wages and other remuneration, and he suffered emotionally as a direct and proximate result of the

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

retaliatory conduct by Defendant, Aztlan Foods, Corp.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment against Defendant, Aztlan Foods, Corp., after trial by jury for compensatory damages including his lost wages past and future, benefits, lost seniority rights, reinstatement to the same or equivalent position, emotional distress, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## COUNT IV – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT AGAINST DEFENDANT, EVI, INC.

Plaintiff, Jose Telleria, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

47.     Plaintiff had an exemplary employment history with Defendant, EVI, Inc.

48.     Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, EVI, Inc., and so Plaintiff was an employee of Defendant, EVI, Inc., at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

49.     Defendant, EVI, Inc., was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant, EVI, Inc., was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

50.     Plaintiff complained to Defendant, EVI, Inc., about his reasonable and good faith belief that it was violating his FLSA rights by failing to pay the overtime wages he earned by working more than 40 hours in one or more workweeks.

51.     Within a short time thereafter, Defendant, EVI, Inc., retaliated against Plaintiff by

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

terminating his employment because of his objection(s)/complaint(s) about not being paid overtime wages for all the overtime hours worked.

52.     Defendant, EVI, Inc., violated the FLSA by failing to pay Plaintiff overtime wages for all the overtime hours he worked.

53.     The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

54.     Defendant, EVI, Inc., disregarded the law and retaliated against Plaintiff shortly after he objected/complained about not receiving overtime pay for all the overtime hours worked when it terminated his employment.

55.     By initiating adverse employment actions against Plaintiff as aforesaid, Defendant, EVI, Inc., violated the Florida Whistleblower Act.

56.     Plaintiff was damaged and suffered the loss of his job, seniority rights, benefits, wages and other remuneration, and he suffered emotionally as a direct and proximate result of the retaliatory conduct by Defendant, EVI, Inc.

WHEREFORE Plaintiff, Jose Telleria, demands the entry of a judgment against Defendant, EVI, Inc., after trial by jury for compensatory damages including his lost wages past and future, benefits, lost seniority rights, reinstatement to the same or equivalent position, emotional distress, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Jose Telleria, demands a trial by jury of all issues so triable.

Respectfully submitted this 17th day of June 2022,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*