

# FairLaw Firm

135 San Lorenzo Ave, Suite 770
Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844

*www.fairlawattorney.com*

September 16, 2022

<u>Via Email Only</u>
Alicia M. Otazo-Reyes
United States Magistrate Judge
<u>Otazo-Reyes@flsd.uscourts.gov</u>

**PRIVILEGED AND CONFIDENTIAL**

**RE:**   ***In re: Jose Telleria v. Aztlan Foods Corp. et al.***
   **Case No.:    22-cv-21130 Bloom/Otazo-Reyes**
   <u>**Settlement Conference on September 16, 2022 at 10:30 a.m.**</u>

Honorable Magistrate Judge Otazo-Reyes:

I represent the Plaintiff, Jose Telleria, in this FLSA case. I am looking forward to participating in this settlement conference with you. I am providing you with this confidential summary in advance of the conference so that you can convince the Defendants and their counsel to settle for a reasonable amount in this case.

### *Background*

Mr. Telleria worked for Defendants Aztlan Foods, Corp. and EVI, Inc. from July 2017 to March 15, 2022. The Defendants are in the business of making and shipping tortillas and other baked goods to various locations in and out of Florida. Mr. Telleria packed and wrapped pallets of food that arrived from outside of Florida for EVI, and worked in the warehouse for Aztlan Foods, Corp. Therefore, the Defendants are Mr. Telleria's joint employers.

Mr. Telleria was paid $12.00 an hour when he worked for the Defendants, but he was not paid overtime when he worked over 40 hours a week. This is a "half-time" case because Mr. Telleria was only paid $12.00 for the time he worked over 40 hours in a week instead of $18.00 an hour. His first claim under the FLSA is for the overtime wages he is owed for the past three years because the Defendants willfully failed to pay him. This willful failure is evidenced by the fact that Mr. Telleria continuously complained about not being paid overtime and then he was fired as a result of his complaints. This bold retaliation by the Defendants leads to the second, third, and fourth claims Mr. Telleria brings in his amended complaint for FLSA retaliation and violations of the Florida Whistleblower's Act by both Defendants.

### *Status of Litigation*

The Defendants admit that Mr. Telleria worked for Aztlan Foods, but dispute that he worked for EVI, Inc. This defense is unfounded because Mr. Telleria has numerous check stubs in

Honorable Magistrate Otazo-Reyes
September 16, 2022

the names of both Defendants, which clearly state "EVI Hours", and they explain the number of hours that he worked for EVI. *See* Exhibit A. In response to this unrefuted evidence, EVI has taken the position that the check stubs "were done in error" (a quote from defense counsel in an email). Plaintiff is confused by EVI's position on the matter and finds it untenable.

The Defendants' second defense is that Mr. Telleria did not work the hours that he indicated in his Statement of Claim at ECF No.6. As explained above, Mr. Telleria had been working for the Defendants from 2017 to 2022. However, he can only capture a three-year statute of limitations for a willful violation of the FLSA. Therefore, his claim starts in March 2019 and runs to March 2022, when he was unlawfully terminated in retaliation for complaining about the overtime violations. The Statement of Claim, Exhibit B, explains his estimation of damages. The Defendants contend that Mr. Telleria was a bad employee who did not show up for work without notice and came to work when he felt like it, but they have provided no proof or documentation of these allegations.

As far as discovery is concerned, both parties have propounded interrogatories and requests for production that have already been answered. However, Plaintiff requested better responses to the Defendants' separate interrogatories to EVI and Aztlan Foods. Specifically, EVI failed to explain how it holds the position that Mr. Telleria did not work for it when there are Bates Stamped documents from the company showing he clocked hours for EVI. As to Aztlan Foods, it has failed to explain why they claim Mr. Telleria only started working in 2020, but they provided records showing he worked continuously since 2018. In addition, the Defendants have not provided requested timesheets of Mr. Telleria's hours from 2019 and 2020, and instead only provided timesheets for 2021 and 2022.

### *Settlement Negotiations*

There have been no settlement negotiations to this point.

### *Demand*

Mr. Telleria is claiming the amount in his statement of claim, $47,760.00, which includes liquidated damages for the willful violations of the FLSA. In addition, Plaintiff's attorney's fees and costs are now in the range of $15,000.00, not including whatever time will be spent in the settlement conference. Therefore, the opening demand will be $60,000.00.

Respectfully Submitted,

Toussaint Cummings, Esq.
toussaint@fairlawattorney.com

Honorable Magistrate Otazo-Reyes
September 16, 2022

# EXHIBIT A

AZTLAN FOODS CORP                                          6598
Jose R Telleria
                08/09/2021 To 08/21/2021 - Evi Hours    8/25/21
                31 Bonus Hours                                  1,142.10

AZTLAN FOODS CORP                                          6474
Jose R Telleria
                06/142021 To 06/26/2021 - Evi Hours    6/30/21
                36.45 Bonus Hours                               1,194.49

AZTLAN FOODS CORP                                          5039
Jose R Telleria
                09/09/2019 to 09/21/2019    9/25/19
                38.18 Hours Bonus                               1,208.68

AZTLAN FOODS CORP                                          6445
Jose R Telleria
                05/31/2021 To 06/12/2021 - Evi Hours    6/16/21
                22.25 Bonus Hours                               1,134.80
                8 Holiday Hours

AZTLAN FOODS CORP                                          6375
Jose R Telleria
                05/03/2021 To 05/15/2021 - Evi Hours    5/19/21
                                                               1,116.84

AZTLAN FOODS CORP                                          7108
Jose R Telleria
                03/07/2022 To 03/19/2022 - Evi Hours    3/23/22
                5 Vacation Days                                 642.92

AZTLAN FOODS CORP                                          6825
Jose R Telleria
                11/15/2021 To 11/27/2021 - Evi Hours    12/1/21
                8 Holiday Hours                                 817.39

AZTLAN FOODS CORP                                          6837
Jose R Telleria
                11/15/2021 To 11/27/2021 - Evi Hours    12/1/21
                16 Hours - 2 Vacation Days                      192.00

AZTLAN FOODS CORP                                          6748
Jose R Telleria
                10/04/2021 To 10/16/2021 - Evi Hours    10/22/21
                11.50 Hours                                     138.00

AZTLAN FOODS CORP                                          5080
Jose R Telleria
                09/23/2019 to 10/05/2019    10/9/19
                34.11 Hours Bonus                               1,169.56

AZTLAN FOODS CORP                                          7070
Jose R Telleria
                3 Sick Days - Evi Hours    3/9/22
                                                               265.96

                                                               265.96
Bank of America 7534    3 Sick Days

**AZTLAN FOODS CORP**
Jose R Telleria     11/01/2021 To 11/13/2021 - Evi Hours    11/17/21    6812
23.40 Bonus Hours     280.80

**AZTLAN FOODS CORP**
Jose R Telleria     10/04/2021 To 10/16/2021 - Evi Hours    10/20/21    6733
25.20 Bonus Hours     1,085.82

**AZTLAN FOODS CORP**    6894
Jose R Telleria     12/12/2021 To 12/25/2021 - Evi Hours    12/29/21
27 Bonus Hours     1,103.77

**AZTLAN FOODS CORP**    7009
Jose R Telleria     01/24/2022 To 02/05/2022 - Evi Hours    2/9/22
39 Bonus Hours     1,222.77

**AZTLAN FOODS CORP**    6792
Jose R Telleria     11/17/21    837.56
11/01/2021 To 11/13/2021 - Evi Hours

**AZTLAN FOODS CORP**    6969
Jose R Telleria     01/10/2022 To 01/22/2022 - Evi Hours    1/26/22    1,232.84
40 Bonus Hours

**AZTLAN FOODS CORP**    6874
Jose R Telleria     12/15/21    1,209.68
11/29/2021 To 12/11/2021 - Evi Hours
38 Bonus Hours

**AZTLAN FOODS CORP**    6632
Jose R Telleria     08/23/2021 To 09/04/2021 - Evi Hours    9/8/21    1,193.94
36.40 Bonus Hours

**AZTLAN FOODS CORP**    6694
Jose R Telleria     09/20/2021 To 10/02/2021 - Evi Hours    10/6/21
40 Hours - 1 Week Vacation     1,009.58

**AZTLAN FOODS CORP**    6413
Jose R Telleria     6/2/21    692.21
05/17/2021 To 05/29/2021 - Evi Hours

**AZTLAN FOODS CORP**    6933
Jose R Telleria     1/12/22    1,008.95
12/27/2021 To 01/08/2022 - Evi Hours
8 Holiday Hours
24 Vacation Hours 2021

Bank of America 7534

Honorable Magistrate Otazo-Reyes
September 16, 2022

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-21130-BLOOM/OTAZO-REYES

JOSE TELLERIA,

     Plaintiff,

vs.

AZTLAN FOODS, CORP., OKAN
EBI CITRUS AND PRODUCE
CORP., AND MARIO L.
ESPINOSA,

     Defendants.

_____/

### **PLAINTIFF'S STATEMENT OF CLAIM**

     Plaintiff, Jose Telleria, pursuant to the Court's Order entered on April 14, 2022 [ECF No. 4], files this Statement of Claim based on the information known to Plaintiff and estimates as follows:

### *Preliminary Statement*

     This Statement of Claim is not be construed as a demand, nor as an exact quantification of her damages, but merely as a case management tool required by the Court. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

## *Information Requested by the Court*

1.      Plaintiff does not have all of the time and pay records from his employment at this time, and so he must estimate the hours that worked, the pay that received for those hours, and the corresponding wages due.

2.      Plaintiff prepared this Statement of Claim with the assistance of counsel.

3.      <u>Plaintiff calculated the overtime amount he estimated he is owed as follows:</u>

    *a.*   *Plaintiff worked from March 15, 2019 to March 15, 2022; approximately 150 weeks.*

    *b.*   *Plaintiff made $12.00 an hour, and should have made an additional $6.00 for every overtime hour he worked.*

    *c.*   *Plaintiff worked from 6am to 6pm from Monday to Friday, equaling 12 hours a day.*

    *d.*   *12 hours a day x 5 days a week = 60 hours a week.*

    *e.*   *20 hours of overtime a week x $6.00 OT an hour = $120.00 OT a week.*

    *f.*   *$120.00 x 150 weeks =* **$18,000.00 OT** *owed from March 2019 to March 2022.*

4.      <u>Plaintiff calculates the FLSA retaliation damages as follows:</u>

    *a.*   *Plaintiff was unlawfully terminated for complaining about not being paid overtime on March 15, 2022.*

    *b.*   *March 15, 2022 to May 3, 2022 (the time of this writing) = 7 weeks*

    *c.*   *Plaintiff is owed 40 hours at $12 an hour = $480.00 per week*

    *d.*   *Plaintiff is owed 20 hours of overtime at $18 an hour = $360.00 per week.*

    *e.*   *$480.00 + $360.00 = $840.00 per week*

    ***f.***   *$840.00 per week x 7 weeks =* **$5,880.00.**

5.      Plaintiff estimates that he is owed **<u>$23,880.00</u>**.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

6.      Plaintiff estimates that he is owed **$47,760.00**, including liquidated damages allowable under the FLSA.

7.      Plaintiff also seeks emotional distress damages to be determined by a jury, plus reasonable attorneys' fees and costs pursuant to the FLSA.

8.      Plaintiff's Statement of Claim is based upon the information currently known and/or available.

9.      Plaintiff reserves the right to amend this Statement of Claim based upon additional information provided by Defendants, through discovery, and/or as additional/different information becomes known.

10.     This Statement of Claim does not include any computation of damages other than those sought in the operative/pending Complaint and is subject to revision through the course of discovery and/or the amendment of the Complaint.

The foregoing amounts are subject to increase commensurate with the expenditure of additional time, effort, and expense in this matter.

Respectfully submitted this 3rd day of May 2022.

Toussaint Cummings, Esq.
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*
