UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21130-BLOOM/Otazo-Reyes

JOSE TELLERIA,

    Plaintiff,

v.

MARIO L ESPINOSA,
AZTLAN FOODS, CORP., and
OKAN EBI CITRUS & PRODUCE CORP.,

    Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Jose Telleria's Motion for an Award of Attorneys' Fees and Costs, ECF No. [52] ("Motion"). Defendants Aztlan Foods, Corp. and EVI, Inc. (collectively, "Defendants") filed a Response in Opposition, ECF No. [53] ("Response"), to which Plaintiff filed a Reply, ECF No. [55] ("Reply"). The Motion was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation, ECF No. [54]. On February 22, 2023, Judge Otazo-Reyes issued a Report and Recommendation, ECF No. [64] ("R&R"), recommending that Plaintiff's Motion be granted in part and award a reduced sum of attorneys' fees and costs. *See id.* at 9. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Plaintiff thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [65] ("Objections"). Defendants did not file a Response to Plaintiff's Objections.

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287,

1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court adopts the R&R in part and rejects it in part.

I.     BACKGROUND

On April 13, 2022, Plaintiff filed this case against Aztlan Foods, Corp. ("Aztlan"), Okan Ebi Citrus & Produce Corp. ("Okan"), and Mario L. Espinosa ("Espinosa") asserting claims for unpaid wages and retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and for violation of the Florida Whistleblower's Act, Fla, Stat. § 448.101. ECF No. [1]. On May 3, 2022, Plaintiff filed his FLSA Statement of Claim requesting a total award of $47,760.00 in actual and liquidated damages. ECF No. [6].

On May 26, 2022, Plaintiff filed a Corrected Amended Complaint, ECF No. [22], and FLSA Amended Statement of Claim, ECF No. [23], in which he added EVI, Inc. as a Defendant and removed Okan and Espinosa as Defendants. Substantively, Plaintiff's Amended Statement of Claim reflected that his claims and request for $47,760.00 in total damages were unchanged.

On June 10, 2022, Defendants moved to dismiss Plaintiff's Corrected Amended Complaint. ECF No. [31]. Thereafter, on June 17, 2022, Plaintiff filed his Motion for Leave to File Second Amended Complaint, ECF No. [33] which the Court granted, *see* ECF No. [34]. The same day, Plaintiff filed his Second Amended Complaint, asserting claims for FLSA overtime wage violations and retaliatory discharge in violation of the FLSA against both Defendants and asserting separate counts of violations of the Florida Whistleblower's Act against each, Aztlan and EVI. ECF No. [36].

On October 19, 2022, the parties filed a Notice of Partial Settlement stating that they resolved all claims, and that Plaintiff was entitled to recover his reasonable attorneys' fees and

costs from Defendants. ECF No. [51]. The parties indicated that they did not resolve the amount of attorneys' fees and costs to be awarded. *Id*.

On November 4, 2022, Plaintiff filed the instant Motion seeking $20,547.50 in attorneys' fees and $1,223.57 in costs, for a total award of $21,771.07. ECF No. [52]. Defendants filed a Response in Opposition, seeking reductions in the attorneys' and paralegals' hourly rates, reductions in hours expended, and a downward adjustment to the lodestar to reflect Plaintiff's limited success in this case. ECF No. [53]. Plaintiff then filed his Reply, ECF No. [55]. The Motion was referred to Judge Otazo-Reyes for a R&R. ECF No. [54]. On February 22, 2023, Judge Otazo-Reyes issued a Report and Recommendation, ECF No. [64] ("R&R"), recommending that Plaintiff's Motion be granted in part and providing for a partial reduction in the hourly rate of Plaintiff's attorney Pollock and a reduction in the hourly rates of Plaintiff's paralegals. The R&R also recommended eliminating certain time entries to reduce the number of hours reasonably spent and a reduction in the lodestar of 40% to account for Plaintiff's limited success in this case. *Id*.

Plaintiff timely filed his Objections to the R&R in which he objects to the recommendations that the total attorneys' fees be reduced for "(1) excessive and unnecessary time spent by paralegal Shakira Brizuela ("Brizuela") on an excel spreadsheet; (2) a 40% reduction of the adjusted lodestar for Plaintiff's limited success in the matter; and, (3) a reduction in the rate of attorney Brian Pollock ("Pollock") from $475.00 to $450.00 for 1.1 hours of tasks he performed." ECF No. [65]. Defendants did not file a Response to Plaintiff's Objections.

## II. LEGAL STANDARD

### a. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings

and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Plaintiff objects to three bases documented in the R&R for the recommendation to reduce the total amount of requested attorneys' fees of $20,547.50 to $11,208.07. *See generally* ECF No. [65]. Plaintiff argues that the attorneys' fees should not be reduced as recommended for "(1) excessive and unnecessary time spent by paralegal [Brizuela] on an excel spreadsheet; (2) a 40% reduction of the adjusted lodestar for Plaintiff's limited success in the matter; and (3) a reduction

in the rate of attorney [Pollock] from $475.00 to $450.00 for 1.1 hours of tasks he performed." *Id*. at 1. The Court addresses each objection in turn.

### A. Time Spent on Excel Spreadsheet by Paralegal

Judge Otazo-Reyes found that the four hours spent by paralegal Brizuela working on the excel calculating damages on June 28, 2022, "is not compensable because it is vague, redundant, and unnecessary." ECF No. [64] at 7. Plaintiff objects to the reduction of attorneys' fees to remove the four hours Brizuela spent preparing the excel "because the spreadsheet was a necessary tool in preparing his case for litigation, it took that long to create the document, and it could not have been created before the statements of claim were filed." ECF No. [65] at 2.

Plaintiff explains that although his Statement of Claim was filed May 3, 2022, and the Amended Statement of Claim was filed on May 26, 2022, Defendants did not provide timesheets for Plaintiff to review until June 8, 2022. *Id*. at 2-3. Plaintiff states that "[t]he time and pay records comprised 71 pages of daily time cards and biweekly paystubs that Ms. Brizuela had to sort through, extract data from, and then input into a spreadsheet." ECF No. [65] at 3. Plaintiff concedes that the time entry was block-billed and vague in its description of Brizuela's activity but asserts that the time was not redundant or unnecessary and that Brizuela certainly spent at least four hours over the course of several days to create the spreadsheet. *Id*.

Although not in its original briefing considered by Judge Otazo-Reyes, the Court has discretion to consider Plaintiff's argument regarding the necessity of the four hours Brizuela spent working on the spreadsheet. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("The district court retained the final adjudicative authority and properly exercised its discretion in deciding whether to consider any new arguments raised by [plaintiff] in his objections to the magistrate judge's report and recommendation"). The Court is satisfied by Plaintiff's explanation

5

that the four hours spent preparing a spreadsheet calculating damages were neither redundant nor unnecessary, the Court finds that the four hours were reasonably expended and permits the four hours into the adjusted lodestar of $125.00 per hour in the paralegal category.

**B. 40% Reduction on Adjusted Lodestar**

The R&R recommends the imposition of a 40% reduction of the lodestar to account for the limited success as reflected by the settlement in this case. ECF No. [64] at 8. Judge Otazo-Reyes noted that "Plaintiff sought to recover a total of $47,760.00 for his FLSA claims but settled those claims for $22,500[.00]." *Id.*

As Judge Otazo-Reyes correctly stated, where a "result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). However, fee awards "should not simply be proportionate to the results obtained by the Plaintiff." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (citing *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir. 1997)).

Plaintiff argues that the R&R incorrectly analogized the instant matter to *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379 (S.D. Fla. Sept. 30, 2011). In *Brandt*, the court reduced the lodestar attorney fee amount by 70% where the plaintiff requested damages of $56,160.00 and received a judgment of only $1,208.52. *Id.* at *12. The court considered that the plaintiff "was offered a settlement that approximated what he ultimately obtained in overtime compensation and attorneys' fees and costs." *Id.* Plaintiff asserts that by contrast, the unliquidated amount of Plaintiff's claim was for $23,880.00 and he recovered $22,500.00, he did not go to trial, and the amount of the settlement was greater than Defendants' $20,101.00 Rule 68 offer. ECF No. [65] at 5-7.

The Court notes that the settlement amount is 47% of the total amount Plaintiff sought to recover and considers that the total amount recovered as a result of the settlement is greater than the Rule 68 offer by Defendants. In multiple cases in this district where an FLSA claim settled prior to trial, courts have determined that no lodestar reduction is necessary even when the plaintiff settles for less than 50% of the amount of their Statement of Claim. *See Jackson v. Waste Pro of Florida, Inc.*, No. 22-60330, 2022 WL 4631096, at *5 (S.D. Fla. Sept. 13, 2022), *report and recommendation adopted,* No. 22-60330, 2022 WL 4598677 (S.D. Fla. Sept. 30, 2022) (finding that a settlement for approximately 33% of the amount alleged in the plaintiff's Statement of Claim was not insignificant and was resolved at the early stages of the case with the benefit of preventing the accrual of further attorneys' fees such that a reduction in the lodestar was not necessary); *see also Matiano v. 5th Ave. Tree Experts, Inc.*, No. 20-23972, 2021 WL 414389, at *4-5 (S.D. Fla. Jan. 15, 2021), *report and recommendation adopted,* No. 20-23972, 2021 WL 412350 (S.D. Fla. Feb. 5, 2021) (declining to reduce the lodestar where the plaintiff accepted $1,000.00 as the Offer of Judgment where his Statement of Claim reflected that he was seeking a total of $85,345.00 damages); *Estrada v. Alexim Trading Corp.*, No. 10-23696, 2012 WL 4449470, at *13 (S.D. Fla. Sept. 26, 2012) ("In this case, [p]laintiff recovered $9,000.00, where his original Statement of Claim totaled about $29,000.00. This result does not justify a reduction.").

Considering the facts that Plaintiff settled for a significant sum which compensated him for nearly all his unliquidated damages, that a settlement was reached shortly after the September 16, 2022 Settlement Conference, and decisions by other courts in this district refraining from reducing the lodestar in similar situations, the Court does not find a reduction in the lodestar necessary.

### C. Reduction in the Rate of Attorney Brian Pollock

Plaintiff contends that Pollock deserves to be compensated at a rate of $475.00 an hour and that he "should be allowed to bill a hybrid rate of $450.00 to reflect his historical rate, and $475.00 to reflect the current experience he brought to the case after his 23rd anniversary of practice." ECF No. [65] at 8.

The R&R concluded that a rate of $450.00 for Pollock is reasonable and appropriate for the entire representation. In doing so, Judge Otazo-Reyes noted that the only case in which a higher rate had been approved for Pollock was one in which the rate request was unopposed. *See* Final Judgment for Attorneys' Fees and Costs, *Palacio Cruz v. Infante Security Protection, LLC*, No. 18-21839 (Sept. 4, 2018).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted).

In *Jackson v. Waste Pro of Florida, Inc.*, a court in this district noted that it was "aware of a small handful of cases that have awarded rates up to $450 in FLSA cases in this district, those cases are few and far between. A rate above $400 seems to be the exception rather than the rule. In fact, $375 has been considered to be 'at the high end of the range of rates charged in" this district for FLSA attorneys.'" No. 22-60330, 2022 WL 4631096 (S.D. Fla. Sept. 13, 2022), *report and recommendation adopted*, No. 22-60330, 2022 WL 4598677 (S.D. Fla. Sept. 30, 2022) (quoting *Echavarria v. Am. Valet Parking*, No. 14-80770, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015)). Recebtly, another court in this district determined that an hourly rate of $475.00 was excessive in an FLSA case for an attorney with twenty-one years of experience in labor and

employment law who had filed approximately 1,397 cases involving FLSA in federal courts throughout Florida. *Dominguez v. Fiore*, 21-24055-CIV, 2022 WL 16961299, at *23-24 (S.D. Fla. Nov. 16, 2022). In that case, the court specifically noted that "as one court observed, 'uncontested orders awarding fees ... are hardly convincing evidence of a reasonable market rate" and "consequently, ... they should be given relatively little weight.'" *Id*. at *23 (quoting *Lewis v. Fla. Default L. Grp., P.L.*, No. 8:10-CV-611-T-30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012)). There, an hourly rate of $400.00 was deemed reasonable for the work performed by the experienced attorney. *Id*. at *24. Other courts in this district have similarly determined that rates less than $475.00 per hour are reasonable for lawyers with comparable experience to Pollock. *See Gilot v. Green Cross Home Care Services, Inc.*, 22-CV-23082, 2023 WL 2714098, at *1 (S.D. Fla. Mar. 30, 2023) (finding $425.00 a reasonable hourly rate for a lawyer with "29 years of experience in employment law [who] has litigated more than 450 FLSA cases."); *Dean v. Waste Pro of Florida, Inc.*, No. 22-14069, 2022 WL 16821741, at *1-2 (S.D. Fla. Oct. 19, 2022), *report and recommendation adopted,* No. 22-14069, 2022 WL 16792560 (S.D. Fla. Nov. 8, 2022) (cutting requested hourly rates of $650.00 an hour for attorneys with seventeen and nineteen years of experience to hourly rates of $400.00 per hour).

The Court's review of recent decisions from this district addressing motions for attorneys' fees in FLSA cases reveals that a reasonable hourly rate for lawyers with comparable skills, experience, and reputation to Pollock has been determined to be no more than $450.00 an hour. The Court therefore finds that a reasonable hourly rate for Pollock is $450.00 per hour.

**CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [64]**, is **ADOPTED IN PART**.

2. Plaintiff's Objections, **ECF No. [65]**, are **SUSTAINED IN PART AND OVERRULED IN PART**.

3. Plaintiff's Motion, **ECF No. [52]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Plaintiff is entitled to recover $17,522.50 in attorneys' fees.

   b. Plaintiff is entitled to recover $994.57 in taxable costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2023

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record